UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VINCENT ROBERT EPPSTEIN,

    Plaintiff,

 v.

JOHN S. PERKINS,

    Defendant.
                                      /

No. C 14-0247 MEJ (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, California state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis in a separate order. Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed with leave to amend.

## DISCUSSION

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds

upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

A review of Plaintiff's amended complaint demonstrates several deficiencies.

First, Plaintiff's allegations including slander, invasion of privacy, bribery, etc., are not federal rights secured by the Constitution or laws of the United States.  They are state law claims.  Second, it does not appear that the only named Defendant, John S. Perkins, is a person acting under color of state law.  A private individual generally does not act under color of state law.  See Gomez v. Toledo, 446 U.S. 635, 640 (1980).  The amended complaint will be dismissed with to leave amend for Plaintiff to provide additional information if he can cure these deficiencies in good faith.  As Plaintiff's amended complaint stands, it is insufficient to state a cognizable claim for relief.

Plaintiff's allegations fail to state clearly what happened, and how the actions or inactions of Defendant rise to the level of a federal constitutional violation.  The lack of detail prevents the Court from determining whether the claim deserves a response and from whom, and also prevents Defendant from framing a response to the complaint.  Plaintiff must specifically identify what Defendant did or did not do in order to state a claim with regard to each separate claim.  Plaintiff must link Defendant to the allegations.  Plaintiff will be

granted leave to amend to allege specifics. In his second amended complaint, he must establish legal liability of each person for the claimed violation of his rights. Sweeping conclusory allegations will not suffice; plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). The complaint need not be long. In fact, a brief and clear statement with regard to each claim listing each Defendant's actions regarding that claim is preferable.

Accordingly, the complaint is DISMISSED with leave to amend. Plaintiff will be provided with twenty-eight days in which to amend to correct the deficiencies in his complaint if he can do so in good faith.

## CONCLUSION

1. Plaintiff's amended complaint is DISMISSED with leave to amend.

2. If plaintiff can cure the pleading deficiencies described above, he shall file a SECOND AMENDED COMPLAINT within **twenty-eight (28)** days from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 14-0247 MEJ (PR)) and the words SECOND AMENDED COMPLAINT on the first page. The second amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, when it happened, what effect this had on Plaintiff, and what right Plaintiff alleges was violated. If Plaintiff files a second amended complaint, he must allege, in good faith, facts – not merely conclusions of law – that demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file a second amended complaint within twenty-eight days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.**

3. Plaintiff is further advised that an amended complaint supersedes the original complaint. Plaintiff may not incorporate material from the prior complaint by reference.

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.

3

Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: MAY 15, 2014

Maria-Elena James
United States Magistrate Judge

United States District Court
For the Northern District of California