UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VINCENT ROBERT EPPSTEIN,

    Plaintiff,

 v.

JOHN S. PERKINS, et al.,

    Defendants.

No. C 14-0247 MEJ (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, California state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. On May 15, 2014, the Court dismissed Plaintiff's complaint with leave to amend. On May 29, 2014, Plaintiff filed an amended complaint. For the reasons stated below, the Court DISMISSES the amended complaint for failure to state a claim.

## DISCUSSION

**A.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was

violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

In Plaintiff's amended complaint, Plaintiff asserts that in October 2013, Defendants defamed Plaintiff in an article in the San Jose Mercury newspaper.  Specifically, Defendant Victor W. Chen stated that Plaintiff was involved in a trial involving stalking in 2009.

In the order of dismissal with leave to amend, the Court advised Plaintiff that his allegations including slander, invasion of privacy, bribery, etc., are not federal rights secured by the Constitution or laws of the United States.  Defamation alone does not state a constitutional claim, even when done under color of state law.  *See Paul v. Davis*, 424 U.S. 693, 701-710 (1976); *see also Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (no subject matter jurisdiction over claim of slander by police officer because no violation of federal right).   Reputation alone is not a liberty or property interest protected by the Due Process Clause unless it is accompanied by "some more tangible interests." *Paul*, 424 U.S. at 701.  Although, in the Ninth Circuit, a Section 1983 "defamation-plus" claim is cognizable, such a claim requires an allegation of injury to a plaintiff's reputation from defamation accompanied by an allegation of injury to a recognizable property or liberty interest.  *Cooper v. Dupnik*, 924 F.2d 1520, 1532 (9th Cir. 1991).  "There are two ways to state a cognizable § 1983 claim for defamation-plus: (1) allege that the injury to reputation was inflicted in connection with a federally protected right; or (2) allege that the injury to reputation caused the denial of a federally protected right." *Herb Hallman Chevrolet v. Nash-Holmes*, 169 F.3d 636, 645 (9th Cir. 1999).  Plaintiff has done neither of these.  Thus, Plaintiff's amended complaint has failed to state a cognizable federal claim.

The Court further warned Plaintiff that in his amended complaint, Plaintiff must clearly state what happened and how the actions or inactions of Defendants rose to the level of a federal constitutional violation.  Plaintiff has failed to do so.

Accordingly, the complaint is DISMISSED with prejudice.

2

**CONCLUSION**

The Court DISMISSES this action with prejudice for failure to state a claim. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: September 22, 2014

Maria-Elena James
United States Magistrate Judge